T.C. Memo. 2011-15

UNITED STATES TAX COURT

MARTIN ALONZO CAMPBELL, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 14035-09.                    Filed January 20, 2011.

Martin Alonzo Campbell, pro se.

<u>James P.A. Caligure</u>, for respondent.

MEMORANDUM OPINION

HALPERN, <u>Judge</u>:  Respondent determined a deficiency of

$22,644 and an accuracy-related penalty of $4,528.80 with respect

to petitioner's 2007 Federal income tax.  Principally,

respondent's determination of a deficiency results from his

disallowance of certain business expenses claimed by petitioner on the ground that petitioner was unable to substantiate them.[1]

Unless otherwise stated, all section references are to the Internal Revenue Code in effect for 2007, and all Rule references are to the Tax Court Rules of Practice and Procedure.

Some facts have been stipulated and are so found. The stipulation of facts, with accompanying exhibits, is incorporated herein by this reference. We need find few facts in addition to those stipulated and shall not separately set forth our findings of fact.

Petitioner bears the burden of proof as to the deficiency. See Rule 142(a).[2]

## Background

Petitioner resided in New York at the time he filed the petition.

Petitioner filed a Form 1040, U.S. Individual Income Tax Return, for 2007, including a Schedule C, Profit or Loss From Business, on which he reported income and expenses both from his

---

[1]Respondent also made an adjustment increasing the amount of petitioner's self-employment tax. The adjustment is computational and presents no issue that we need further address.

[2]Petitioner has not raised the issue of sec. 7491(a), which shifts the burden of proof to the Commissioner in certain situations. We conclude that sec. 7491(a) does not apply here because petitioner has not produced any evidence that he has satisfied the preconditions for its application.

business as a tax return preparer and from his real estate investments.[3]  He reported $48,000 of rental income from his real estate investments.  For lack of substantiation, respondent disallowed the following expenses shown on the Schedule C:

| | |
|---|---|
| Utilities | $5,678 |
| Other expenses | 67,403 |
| Repairs and maintenance | 6,215 |
| Legal and professional services | 7,902 |

The parties have stipulated in part, and respondent concedes in part, that, of the $67,403 of other expenses, petitioner may deduct $54,797 as interest and taxes paid in connection with his real estate investments.  They have further stipulated that petitioner may deduct the $5,678 claimed for utilities, also related to his real estate investments.  Petitioner offered no evidence at trial substantiating the remaining disallowed expenses.  At the conclusion of that trial, we held the record open for respondent to redetermine whether, taking into account the stipulated and conceded expenses, petitioner had made a substantial understatement of income tax, on which an accuracy-related penalty under section 6662(a) and (b)(2) could be imposed.  We accorded petitioner the opportunity to respond to respondent's computation.

---

[3]Respondent argues, and petitioner does not disagree, that the income and expenses related to his real estate investments should have been reported on a Schedule E, Supplemental Income and Loss.

Respondent has supplied us with his calculations showing a reduced deficiency of $5,334 and a resulting accuracy-related penalty of $1,067 for substantial understatement of income tax. Petitioner has responded, objecting to respondent's calculations only on the ground that a 2007 Form 1040X, Amended U.S. Individual Income Tax Return, dated September 30, 2010, and attached to his response, shows additional deductible amounts he paid for insurance and taxes.  The Form 1040X was not received into evidence (indeed, it was not signed until more than 2 weeks after the trial in this case concluded), nor is there any evidence that it was submitted to respondent or accepted by him. Moreover, a tax return does not establish the truth of the facts stated therein.  E.g., <u>Wilkinson v. Commissioner</u>, 71 T.C. 633, 639 (1979).

## Conclusion

Petitioner has failed to prove that the deficiency in his 2007 Federal income tax is any less than the $5,334 as calculated by respondent.  Nor has he shown reasonable cause for the underpayment of tax resulting from his substantial understatement of income tax, which would negate the resulting accuracy-related penalty.  See sec. 6664(c)(1).

<u>Decision will be entered</u>

<u>for respondent</u>.